DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
Peter M. Ripin, Esq.
pmr@dhclegal.com
*Attorneys for Defendant Joel Schonfeld*


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| HUNTS POINT ENTERPRISES LLC, | Case No. 20-42393 (AST) |
| FKA BKD HOLDINGS, LLC and | 20-42673 (AST) |
| FEATHERSTONE DISTRIBUTION LLC, | |
| Debtors. | |

--------------------------------------------------------X

| | |
|---|---|
| FEATHERSTONE DISTRIBUTION LLC, | (Jointly Administered) |
| Plaintiff, | |
| v. | Adv. Proc. No. 20-01088 (AST) |
| JOEL SCHONFELD, FEATHERSTONE FOODS INC., SESAMME DISTRIBUTION, INC., | |
| Defendant and Third-Party Plaintiffs. | |

--------------------------------------------------------X

KUZARI GROUP LLC and MARK RIMER,

       Third-Party Defendants.

--------------------------------------------------------X

## <u>DECLARATION OF PETER M. RIPIN</u>

    **PETER M. RIPIN**, pursuant to 28 U.S.C. § 1746(2), under penalty of perjury, hereby

declares as follows:

    1.    I am a member of Davidoff Hutcher & Citron LLP, counsel for defendant Joel

Schonfeld ("Defendant" or "Schonfeld").  I respectfully submit this declaration in support of

724853

Defendant's motion i) pursuant to this Court's inherent authority, for sanctions and a finding of contempt against plaintiff Featherstone Distribution LLC ("Plaintiff" or the "Company") and its attorneys, Morrison-Tenenbaum, PLLC ("Morrison-Tenenbaum"), for violating the Temporary Restraining Order, dated August 5, 2020 (the "Order"), which permitted Schonfeld to remove from the [featherstone2000@aol.com](mailto:featherstone2000@aol.com) email account (the "Email Account") the following: (a) emails from December 9, 2009 through November 29, 2019 which predated the sale of Schonfeld's business to Plaintiff, (b) attorney client privileged emails, and (c) personal emails unrelated to Plaintiff's business or any of its suppliers, vendors or customers (collectively, the "Retained Emails") and ii) pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7026, for a protective order prohibiting Plaintiff and Morrison-Tenenbaum, and all others acting on their behalf, from continuing to review, use or disclose the Retained Emails and requiring that the Retained Emails be destroyed and that Plaintiff and Morrison-Tenenbaum attest to the destruction. A copy of the Order is annexed hereto as Exhibit A.

## PRELIMINARY STATEMENT

2.      Prior to turning over the Email Account, the parties agreed that Schonfeld could remove the Retained Emails consisting of: i) emails predating the closing of the sale of Schonfeld's business to Plaintiff on November 30, 2019; ii) attorney client privileged emails, and (c) personal emails unrelated to Plaintiff's business or any of its suppliers, vendors or customers. The parties' agreement was duly memorialized in the Order. Thereafter, Schonfeld retained at his own expense, T&M Protection Resources, LLC, a computer forensic firm, to remove access to the Retained Emails.

3.      Notwithstanding the foregoing, the Company and Morrison-Tenenbaum immediately violated both our agreement and the Order by "restoring" the Retained Emails

724853                                          2

without our knowledge or consent.  Upon information and belief, they did so by secretly contacting AOL support and instructing them to restore all emails deleted within the previous seven (7) days.  As a result, Plaintiff and its counsel are now in possession of the very information which we agreed -- and the Court ordered – could be removed <u>including, but not limited to, numerous attorney-client privileged communications between our firm and Schonfeld concerning legal strategy and advice relating to this very matter</u>.

4.       The conduct by Plaintiff and Morrison-Tenenbaum was both shameless and deceitful.  Their actions were undertaken in bad faith and motivated by improper purposes.  We respectfully request that the Court issue a protective order prohibiting Plaintiff and Morrison-Tenenbaum from continuing to review, use or disclose the Retained Emails and requiring that they be destroyed.  In addition, Plaintiff and Morrison-Tenenbaum should be sanctioned and held in contempt for their willful and knowing attempt to circumvent the clear intent and plain language of the Order.

## <u>FACTS</u>

5.       At the hearing held on July 27, 2020, the parties agreed, at the request of the Court, to a standstill without prejudice or findings of fact or conclusions of law pending a hearing on Plaintiff's request for a preliminary injunction.  In addition, Schonfeld agreed to turn over to Plaintiff the [featherstone2000@aol.com](mailto:featherstone2000@aol.com) email account (the "Email Account") which he had used for the past 20 years.

6.       That same day, the Company's counsel, Jerald Tenenbaum, Esq. of Morrison-Tenenbaum, provided me with a draft of a proposed order stating that "Defendant Schonfeld is hereby ordered to provide Plaintiff Debtor with the password for the [featherstone2000@aol.com](mailto:featherstone2000@aol.com) e-mail address within one (1) day of this Order" (Ex. B).

724853

7.      By email to Mr. Tenenbaum, dated July 28, 2020, I attached a revised draft of the

proposed order providing as follows:

> IT IS FURTHER ORDERED that, after removing access to i) emails from December 9, 2009 through November 29, 2019, ii) attorney client privileged emails, and iii) personal emails unrelated to Featherstone's business, Defendant Schonfeld shall provide Plaintiff Debtor with the password for the featherstone2000@aol.com email address within two business (2) days of this Order.  (Ex. C)

8.      Mr. Tenenbaum responded that same day with a redlined version of the proposed

order containing his revisions as follows:

> IT IS FURTHER ORDERED that Defendant Schonfeld shall provide Plaintiff Debtor with the password for the featherstone2000@aol.com e-mail address within two business (2) days of this Order, provided that, before providing the password, Defendant Schonfeld after may, at its option, remove removing access to (i) emails from December 9, 2009 through November 29, 2019, (ii) attorney client privileged emails, and (iii) personal emails unrelated to Featherstone's business or any of its suppliers, vendors or customers (collectively, the "Retained Emails"), Defendant Schonfeld shall provide Plaintiff Debtor with the password for the featherstone2000@aol.com e-mail address within two business (2) days of this Order. Notwithstanding the foregoing, Defendant Schonfeld shall preserve and retain the Retained Emails. (Ex. D)

I advised Mr. Tenenbaum that his proposed changes were acceptable and that he could submit

the attached order with our consent (Ex. E).

9.      On August 3, 2020, I provided Mr. Tenenbaum with the password for the Email

Account and advised him that:

> Pursuant to our agreement, we have removed i) emails from December 9, 2009 through November 29, 2019; ii) attorney client privileged emails and iii) personal emails unrelated to Featherstone's business or any of its suppliers, vendors or customers (the "Removed Emails").

> To the extent that there is any inadvertent production of the Removed Emails, the information should not be used or disclosed and should be promptly returned to us and destroyed.  (Ex. F)

724853

10.     On August 5, 2020, this Court entered the Order with the parties' agreed upon

language (Ex. A).

11.     By letter to this Court, dated August 5, 2020, Neil L. Postrygacz, Esq. of

Morrison-Tenenbaum, requested an adjournment of the preliminary injunction hearing scheduled

for August 10, 2020 (Ex. G).  Mr. Postrygacz stated:

> If given the opportunity, Plaintiff plans to request access to all of the
> emails removed from the featherstone2000@aol.com provided to Plaintiff this
> past Monday…  It is obvious that many emails have been deleted.  We would like
> an opportunity to engage a digital forensics firm to evaluate the deleted emails to
> determine if any of the messages deleted from the surrendered AOL account
> contain proprietary information of Plaintiff, or if they contain communications
> supporting Plaintiff's demand for injunctive relief.  Our firm has retained Global
> Digital Forensics, a local company with an impressive list of blue-chip clients, to
> conduct that review at Plaintiff's cost and expense.  The consultant has been
> engaged to ensure that private and/or privileged communications are not
> inadvertently viewed by Plaintiff.  Id.

12.     In my response, dated August 6, 2020, I stated that the Order expressly permitted

the removal of the Retained Emails which were the only emails deleted from the account (Ex.

H).  Thereafter, by letter to this Court, dated August 5 [sic], 2020, Mr. Postrygacz stated:

> Debtor Plaintiff has been able to restore at least some of the data removed
> by Defendant and his counsel; however having seen that there are quite a few
> communications that may be deemed privileged, we have engaged the services of
> the previously mentioned Digital Forensics consultant to filter out such emails
> before we begin our in depth review of this account.  We suspect that there are
> communications in the account which support Plaintiff's case for enforcement of
> the restrictive covenants.  (Ex. I)

13.     In my response, dated August 6, 2020, I stated that:

> In his letter, Mr. Postrygacz shockingly states that Plaintiff has "restore[d]
> at least some of the data removed by Defendant" and has seen that "there are quite
> a few communications that may be deemed privileged" (emphasis added).
> Plaintiff's "restoration" of privileged and personal materials which the TRO
> expressly permitted Schonfeld to remove constitutes a blatant violation of the
> Order.  Needless to say, the reason why these materials were permitted to be
> removed in the first place is because Plaintiff is not entitled to review Schonfeld's
> privileged and personal communications.

724853

> We respectfully request that Plaintiff be ordered not to review, use or disclose any of the Retained Emails and that they be promptly returned to us and destroyed.  (Ex. J)

14.      The preliminary injunction hearing was held on August 17, 2020.  On August 19, 2020, I received an email from Robert Knudsen of Global Digital Forensics, Inc., stating "I have been instructed by Mr. Jerald Tenenbaum of the Morrison-Tenenbaum Law Firm to provide you with data for privilege review. The following link is for a password protected zip file containing emails (in a pst format) extracted from the AOL email account (featherstone2000@aol)." (Ex. K).  When I asked Mr. Tenenbaum what this email was, he stated "Potentially privileged communications in the Featherstone2000 email. Please review them for privilege and revert back to us anything that is not subject to privilege." (Ex. L).

15.      The emails provided by Mr. Tenenbaum consist of attorney-client privileged communications between Schonfeld and his attorneys for the period April 6, 2012 through July 23, 2020.  The emails include communications between our firm and Schonfeld concerning legal strategy and advice relating to this matter and others.  In addition, there are attorney client privileged communications relating, *inter alia*, to Schonfeld's divorce and the sale of his business.  Of the total 1,167 emails, approximately one-third of them are with our firm.

16.      After receiving Mr. Knudsen's email, I asked Mr. Tenenbaum how he was able to "restore" these emails but received no response.  Subsequently, we learned that AOL support – but not end users – can restore deleted emails within seven (7) days of deletion from the AOL server.  Upon information and belief, after receiving the password, Mr. Tenenbaum immediately contacted AOL support and instructed them to restore the Retained Emails.  He did this without telling us and in clear contravention of the Order.  Significantly, although Mr. Tenenbaum provided us with attorney-client privileged emails to review, he did not provide us with the other

724853

Retained Emails, i.e., emails predating the November 30, 2019 closing of the sale of Schonfeld's business and personal emails unrelated to the business

17.     By letter to Mr. Tenenbaum, dated August 20, 2020, I stated that his actions in restoring the Retained Emails constituted a blatant violation of the Order (Ex. M).  I further stated:

> We hereby demand that on or before the close of business tomorrow, you i) certify in writing that you will not review, use or disclose any of the Retained Emails and ii) destroy and/or return the Retained Emails to us.  If you fail to do so, we intend to seek appropriate relief from the Court, including sanctions.  Id.

Once again, however, Mr. Tenenbaum failed to respond to my letter.

## CONCLUSION

18.     Instead of adhering to our agreement and complying with the Order, Plaintiff and Morrison-Tenenbaum went behind our back and unilaterally engaged in "self-help" to circumvent the clear intent and plain language of the Order.  In this manner, they wrongfully obtained the very information which the parties agreed -- and the Court ordered -- could be withheld.  These actions were entirely unlawful and motivated by improper purposes.

19.     Accordingly, I respectfully request that the motion be granted in its entirety.

20.     I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
        August 27, 2020

                              _/s/ Peter M. Ripin_____
                               PETER M. RIPIN

724853